In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-211 CR


____________________



KATHY LEE BERGERON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A060277-R






MEMORANDUM OPINION



 Appellant Kathy Lee Bergeron pled guilty without a plea bargain agreement (1) to failing
to stop and render aid. After conducting a punishment hearing, the trial court sentenced
Bergeron to five years of confinement and assessed a fine of $2,500. Bergeron filed an
unverified motion for new trial, in which she asserted that she received ineffective assistance
of counsel, but did not explain how counsel's performance was deficient. The motion for
new trial was overruled by operation of law. In a single issue on appeal, Bergeron contends
she received ineffective assistance of counsel at the punishment hearing. We affirm.

Punishment Hearing


 At the punishment hearing, Brandon Jones of the Orange County Community
Supervision and Correction Department testified that he conducted a pre-sentence
investigation ("PSI") and prepared a report and an addendum. The trial court admitted the
reports as exhibits without objection from Bergeron's counsel. During his investigation,
Jones checked Bergeron's criminal background, reviewed materials in the file, and
interviewed Bergeron. Jones explained that he recommended that Bergeron be sentenced for
a term as determined by the trial court rather than probation. According to Jones,
confinement rather than probation was "appropriate due to the nature of the offense." Jones
explained that the victim's death after the offense formed part of the basis for his
recommendation. Jones also testified that the offense reports indicated Bergeron may have
been drinking at the time of the offense, and that Bergeron admitted in her statement that she
had consumed four or five beers on the day of the offense.

 In the PSI report, Jones opined that Bergeron left the scene because she had been
drinking and did not want to be caught. During cross-examination by Bergeron's counsel,
Jones admitted he does not know whether the victim's mother's statement that Bergeron's
husband was killed in a drinking and driving accident was true. Jones also admitted he does
not know whether the allegation in the PSI report that Bergeron had previously driven while
she was drinking was true, and he does not know whether the victim stepped out in front of
Bergeron. Jones further admitted he does not know whether the allegation in the PSI report
that Bergeron hit a school bus is true.

 Bergeron's mother-in-law, Ilene Bergeron, testified that Bergeron was married to her
son, who died in a car accident. Ilene testified that she still sees Bergeron on a daily basis,
and she opined that Bergeron does not have a drinking problem. Ilene testified that since the
offense, Bergeron has shown remorse, and she has had trouble dealing with what happened. 
Ilene testified that she had never heard of Bergeron going to work intoxicated, and she had
never heard the allegation that Bergeron and her late husband drove while drinking. Ilene
also testified that she had never heard of an incident in which Bergeron supposedly hit a
school bus. Ilene opined that Bergeron should not go to prison. According to Ilene,
Bergeron checked on the victim and determined that he was dead before leaving the scene. 
 Julana Phenix, Bergeron's employer for approximately six years, testified that
Bergeron is a good employee. Phenix explained that Bergeron works as a cake decorator,
which requires precision and artistry, and Bergeron does not drink at work. Phenix also
testified that drinking had never affected Bergeron's work. In addition, Phenix testified that
she had never known Bergeron to drink and drive.

 Bergeron's sister, Shirley LeBlanc, testified that Bergeron does not have a drinking
problem, and that she has never known Bergeron to drink and drive.

 Bergeron testified that she drank four or five beers at a barbecue on the day of the
offense, and she stopped drinking at approximately 2:30 p.m. Bergeron left the barbecue at
about 7:00 p.m. Bergeron testified that while she was driving, she never saw the victim, but
she heard a loud noise, pulled over, and saw the victim lying in the ditch. When Bergeron
touched the victim, he was unresponsive, and Bergeron testified that she panicked, started
screaming, and ran toward her vehicle. Bergeron explained that she left because she
panicked, not because of the possibility of being caught with alcohol on her breath. Bergeron
testified that she had never been accused of driving while intoxicated, and that the allegation
in the PSI report that she hit a school bus was untrue.

Bergeron's Issue


 In her sole issue on appeal, Bergeron complains that counsel provided ineffective
assistance at the punishment hearing because he failed to object to the factual allegations
contained in the pre-sentence investigation report and an addendum to that report. According
to Bergeron, some of the factual allegations were false, and some were hearsay. In addition,
Bergeron complains that counsel failed to adequately investigate possibly mitigating
evidence, such as whether the victim intentionally stepped in front of Bergeron's vehicle.

 To prevail on a claim of ineffective assistance of counsel, appellant must satisfy a
two-pronged test:

 First, the defendant must show that counsel's performance was deficient. This
requires showing that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed the defendant by the Sixth
Amendment. Second, the defendant must show that the deficient performance
prejudiced the defense. This requires showing that counsel's errors were so
serious as to deprive the defendant of a fair trial, a trial whose result is reliable.


Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); see
also Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Texas courts have
interpreted Strickland to require appellant to show a reasonable probability that, but for her
counsel's errors, the outcome would have been different. See Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly
deferential and presumes that counsel's actions fell within the wide range of reasonable and
professional assistance." Id. Appellant must prove there was no plausible professional
reason for specific acts or omissions of her counsel. Id. at 836. Furthermore, "[a]ny
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." Thompson v. State, 9 S.W.3d 808,
813 (Tex. Crim. App. 1999) (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim.
App. 1996)). The same standard applies to both guilt-innocence and punishment. See
Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999).

 When asserting that counsel was deficient by failing to object to the admission of
evidence, an appellant must show that the evidence was inadmissible. Ortiz v. State, 93
S.W.3d 79, 93 (Tex. Crim. App. 2002). An appellant who asserts that trial counsel failed to
adequately investigate must show that presentation of the missing evidence would have
benefitted her. Ex parte White, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). The bare record
on direct appeal is usually not sufficient to demonstrate that counsel's representation was so
deficient as to overcome the presumption that counsel's conduct was reasonable and
professional. Bone, 77 S.W.3d at 833. Appellant must bring forward a record from which
the appellate court may determine that trial counsel's performance was not based on sound
strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Absent a record
illuminating trial counsel's strategy and tactics, an appellate court cannot know why counsel
may have chosen not to object. See Ex parte Varelas, 45 S.W.3d 627, 632 (Tex. Crim. App.
2001).

 Although Bergeron's appellate counsel filed a motion for new trial, the motion is not
supported by affidavit or declaration, and it provided no facts to the trial court supporting the
ineffective assistance claim. Appellant did not develop a record explaining trial counsel's
conduct. See Thompson, 9 S.W.3d at 813-14. In addition, Bergeron does not explain how
the possibility that the victim deliberately stepped in front of her car would have impacted
the trial court's assessment of Bergeron's punishment for failing to stop and render aid. See
Ex parte White, 160 S.W.3d at 51-52. Bergeron also does not establish that the allegedly
false and hearsay statements in the PSI report were inadmissible. See Ortiz, 93 S.W.3d at 93. 
In the absence of a record that affirmatively demonstrates trial counsel's alleged
ineffectiveness, we cannot find trial counsel provided ineffective assistance. See Thompson,
9 S.W.3d at 813. Furthermore, Bergeron has not demonstrated a reasonable probability that,
but for counsel's alleged errors, the outcome would have been different. See Bone, 77
S.W.3d at 833. Accordingly, we overrule Bergeron's sole issue and affirm the trial court's
judgment.

 AFFIRMED.



 

 STEVE McKEITHEN

 Chief Justice


Submitted on March 20, 2008

Opinion Delivered April 16, 2008

Do Not Publish


Before McKeithen, C.J., Gaultney and Kreger, JJ.
1. The trial court's judgment states that a plea bargain agreement existed. However,
the record reflects that Bergeron pled guilty without the benefit of a plea bargain agreement.